**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALAN HEADMAN,

    Plaintiff - Appellant,

v.

ROYAL I. HANSEN,

    Defendant - Appellee,

and

JOANNA SAGERS; MATTHEW B.
DURRANT; THOMAS REX LEE;
CONSTANTINOS HIMONAS; JOHN A.
PIERCE; PAIGE PETERSEN,

    Consolidated Defendants -
Appellees.

No. 20-4035
(D.C. No. 2:19-CV-00592-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.[**]
_____

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff - Appellant Alan Headman filed three § 1983 actions in the United States District Court for the District of Utah: one against Judge Royal I. Hansen, the state court trial judge who presided over his divorce case; a second against Commissioner Joanna Sagers, who made recommendations to the court regarding alimony and other matters; and a third against all five justices of the Utah Supreme Court. The claims in each of the actions stemmed from Plaintiff's divorce proceedings in state court. The district court consolidated the actions, and thereafter, Defendants filed motions to dismiss. The district court granted the motions, concluding four separate grounds supported dismissal: (1) lack of jurisdiction under the *Rooker-Feldman* doctrine; (2) *Younger* abstention barred the relief Plaintiff sought; (3) Defendants are entitled to judicial immunity; and (4) Plaintiff failed to state a plausible claim for relief under Federal Rule of Civil Procedure 8. The district court therefore dismissed the consolidated action with prejudice.

Plaintiff now appeals the final judgment, asserting the district court erred in dismissing his claims. But Plaintiff fails to present any legally or factually adequate basis for reversal. In a well-reasoned order, the district court competently explained why Plaintiff's allegations—even under a liberal interpretation—fail to support any viable legal claim for relief. For the purpose of resolving this appeal, we have thoroughly reviewed the district court record, Plaintiff's appellate brief, and Defendants' response brief. We discern no reversible error. Where the district court accurately analyzes an issue, we see no useful purpose in writing at length. Therefore,

2

exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM for substantially the same reasons set forth in the district court's order dismissing Plaintiff's complaint.

Entered for the Court

Bobby R. Baldock
Circuit Judge